IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                             Case No. 14-2258 MJ

IVERAN D. MAGBY, and
SANDRA SOLTERO,

    Defendants.

## ORDER

THIS MATTER is before the Court *sua sponte*. On October 23, 2014, the Court held a hearing to determine whether the time limit set by 18 U.S.C. § 3161(b) had been exceeded in this case, and, if so, whether the dismissal should be with or without prejudice. *See doc. 27*. Having heard from the parties, the Court finds that the Speedy Trial Act deadline has been violated and the Complaint should be dismissed without prejudice.

The Court has reviewed the Criminal Complaint, the Waivers of Preliminary Hearing and the Orders Tolling Speedy Trial Computation. Based upon this review, the Court finds that the time limit set by 18 U.S.C. § 3161(b) passed on October 21, 2014. Government counsel concedes the deadline has passed. Consequently, the "complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1).

Nevertheless, the Court retains broad discretion whether to dismiss the complaint with or without prejudice. *See United States v. Doran*, 882 F.2d 1511, 1518 (10th Cir. 1989). 18 U.S.C. § 3162(a) provides that in "determining whether to dismiss ... with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." Prejudice to the defendant is among the "other" factors the text of § 3162 directs the district court to consider. *See United States v. Taylor*, 487 U.S. 326, 334 (1988). "[T]he application of the more severe sanction of dismissal with prejudice ... should be reserved for more egregious violations." *United States v. Cano-Silva*, 402 F.3d 1031, 1035 (10th Cir. 2005). A violation of the speedy trial requirement, by itself, is not a sufficient basis for dismissal with prejudice. *Id*.

Government counsel informs the Court that the case was inadvertently not presented to the grand jury prior to the deadline. While such neglect could justify dismissal with prejudice in an extreme case, "[w]henever a Speedy Trial Act violation takes place, it is very likely that the government has made a mistake of some sort; in order to secure a dismissal with prejudice a defendant must do more than point to that mistake with rising indignation." *Id*. at 1036. Importantly, none of the other factors support dismissal with prejudice. The charges are quite serious. There is no evidence that the Government acted in bad faith and the deadline has only just passed. Neither

defendant point to any prejudice to them due to the delay.  *See United States v. Saltzman*, 984 F.2d 1087, 1094 (10th Cir.1993) ("[T]he defendant has a burden under the [Speedy Trial] Act to show specific prejudice other than that occasioned by the original filing.") (emphasis added).  Nor do they explain the negative impact of a reprosecution on the administration of this chapter and on the administration of justice.  Based on the foregoing, dismissal without prejudice is appropriate.

    IT IS THEREFORE ORDERED that the Complaint is dismissed without prejudice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE